**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUMBERTO PATROCINIO BAMACA-JUAREZ; GRISELDA FLORINDA BAMACA-AMBROCIO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-2021 <br><br> Agency Nos. <br> A201-554-151 <br> A201-554-152 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2025[**]
San Francisco, California

Before: N.R. SMITH and JOHNSTONE, Circuit Judges, and CHRISTENSEN,
District Judge.[***]

Humberto Patrocinio Bamaca-Juarez and his daughter as rider-derivative

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Dana L. Christensen, United States District Judge for
the District of Montana, sitting by designation.

petition for review of an order from the Board of Immigration Appeals ("BIA") dismissing their appeal of an order from an Immigration Judge ("IJ") (collectively, "the Agency"), which denied their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). "[O]ur review is 'limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We deny the petition.

To establish eligibility for asylum and withholding of removal, an applicant must show the existence of a nexus between past or feared future persecution and a statutorily protected ground. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A); *Barajas-Romero v. Lynch*, 846 F.3d 351, 356–57 (9th Cir. 2017). Contrary to Petitioners' contention, the Agency applied the correct nexus standards for asylum and withholding and made clear findings. Substantial evidence, including Bamaca-Juarez's testimony, supports the Agency's finding that the attackers were motivated solely by financial gain. *See Zetino v. Holder*, 622 F.3d

---

[1] Petitioners have not challenged the denial of CAT relief in their opening brief. Therefore, they have abandoned the issue. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015).

1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Because Petitioners' failure to establish nexus was dispositive of their asylum and withholding claims, the BIA did not err in declining to reach their arguments relating to their proposed particular social group. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.